IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVID C. THOMPSON                                                    PLAINTIFF

vs.                              Civil No. 4:14-cv-04018

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

David C. Thompson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his application

for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The

Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings

in this case, including conducting the trial, ordering the entry of a final judgment, and conducting

all post-judgment proceedings.  ECF No. 6.[1]   Pursuant to this authority, the Court issues this

memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability application on February 22, 2012. (Tr. 11, 105-111).

In his application, Plaintiff claims to be disabled due to the following: neck problems, "fingers

number [numb] on right hand," shoulder problems, right hip problems, and a "big knot" in his

stomach. (Tr. 153).  Plaintiff alleges an onset date of June 1, 2010.  (Tr. 11, 105).  This application

was denied initially and again upon reconsideration.  (Tr. 49-50).  Plaintiff then requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The
transcript pages for this case are referenced by the designation "Tr."

1

administrative hearing on his application, and his hearing request was granted.  (Tr.

Thereafter, the ALJ held an administrative hearing on January 10, 2013 in Texarkana, Arkansas.  (Tr. 25-48).  At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.*  Plaintiff and Vocational Expert ("VE") Russell B. Bowden testified at this hearing.  *Id.*  At the time of his hearing, Plaintiff testified he was fifty-five (55) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008).  (Tr. 29-30).  As far as education, Plaintiff only completed the tenth grade in school.  (Tr. 31).

After this hearing, on February 15, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 8-19).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015.  (Tr. 13, Finding 1).  The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2010, his alleged onset date.  (Tr. 13, Finding 2).  The ALJ determined Plaintiff had the following severe impairment: right hip osteoarthritis (OA).  (Tr. 13-14, Finding 3).  However, the ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr. 14-18, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c).  He can lift and carry 50 pounds occasionally and 25 pounds frequently; sit, stand and walk 6-hours of an 8-hour workday.

2

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18-19, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW. *Id.* The VE testified Plaintiff's PRW included work as an autobody repairman. *Id.* The VE testified Plaintiff retained the capacity to perform this PRW as "it as [is] actually and generally performed." *Id.* Based upon this finding, and because Plaintiff retained the capacity to perform his PRW, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from June 1, 2010 through the date of his decision or through February 15, 2013. (Tr. 19, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 24). On December 13, 2013, the Appeals Council denied this request for review. (Tr. 1-4). Plaintiff then filed the present appeal on January 14, 2014. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 14, 2014. ECF No. 6. This case is now ready for decision.

**2.      <u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

3

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In his appeal brief, Plaintiff raises the following four arguments for reversal: (1) the ALJ erred in evaluating the Listings; (2) the ALJ erred in evaluating his RFC; (3) the ALJ erred in evaluating his severe impairments; and (4) the ALJ erred in presenting his hypotheticals to the VE. ECF No. 10.  Because the ALJ improperly evaluated his subjective complaints, the Court will only address Plaintiff's second claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. (Tr. 14-18). The ALJ recited the requirements of *Polaski* but did not follow those requirements. *Id.* Instead, the ALJ provided the following "canned" statement in his assessment of Plaintiff's subjective complaints:

> After careful consideration of the medical opinions of record, the undersigned finds that the claimant's medically determinable impairments cannot reasonably be expected to produce the symptoms to the degree alleged by the claimant. The claimant's statements concerning the intensity, persistence and limiting effects of these symptoms have been determined to diminish the capacity for basic work activities only to the extent to *which they can reasonably be accepted as consistent with the objective medical and other evidence*. 20 CFR § 1529(c)(4).

6

(Tr. 17) (emphasis added).

As noted in this paragraph, in addition to the "objective medical" evidence, the ALJ also stated Plaintiff's subjective complaints were not consistent with the "other" evidence in the record. (Tr. 17). Despite this fact, the ALJ does not state what "other evidence" was inconsistent. The ALJ did note Plaintiff had some daily activities: "he still does 'light' household work, washes dishes, does some cooking, washes clothes, sweep[s] a little, and engages in some social activities. He still likes to do 'a little fishing,' mows with a ride lawnmower for 30 minutes at a time, etc." (Tr. 18). However, these daily activities are certainly not extensive, and the ALJ does not even state how they are "inconsistent" with Plaintiff's subjective complaints.

Further, the ALJ's opinion demonstrates he placed far too much emphasis on Plaintiff's medical records alone. As the ALJ stated, "[w]hile the claimant complained of severe pain, *it does not seem reasonable to conclude from the findings in evidence that such could be the basis for the degree of pain alleged*. The claimant's records did not show progressive physical deterioration which might be expected when there is intense and continuous pain." (Tr. 18) (emphasis added). Although he states he has considered Plaintiff's subjective complaints and the subjective evidence, he cites no specific "inconsistencies" in the record as required by *Polaski*. Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

4.   **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]   A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of February 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski.*  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.